CITY OF LINCOLN, APPELLEE, v. LINCOLN GAS & ELECTRIC LIGHT COMPANY, APPELLANT.

FILED JULY 1, 1916. No. 18406.

1. **Corporations: CHARGES: VALIDITY OF OCCUPATION TAX.** An occupation tax against a public service corporation, if valid, so directly affects the question of rates of service that in determining whether a rate is remunerative or confiscatory the validity of an alleged occupation tax must necessarily be considered and determined.

2. **Abatement.** An action in the state courts to recover an occupation tax against such corporation, begun while an action is pending in the courts of the United States to determine whether another ordinance regulating the rates of service of such corporation is confiscatory, should be abated until the action in the federal court is finally determined.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed, with directions.*

*Strode & Beghtol,* for appellant.

*C. Petrus Peterson, contra.*

SEDGWICK J.

This action was begun in December, 1910. The first petition alleged an ordinance, No. 732, enacted in December, 1909, levying an occupation tax of 3 per cent. on gross receipts of "every person or corporation engaged in the business of selling electricity or gas in the city of

Lincoln, Nebraska." The petition asks for accounting, general equity, and judgment. The petition was afterwards amended. In the last amendment there is an additional allegation that in 1908 an ordinance, No. 570, was enacted, levying an occupation tax on the business of furnishing electric current, and that the ordinance of December, 1909, repealed the ordinance No. 570 of 1908; that the said ordinance of 1908 was in "full force and effect from the 15th day of April, 1908, to the 15th day of January, 1910, when it was repealed" by the said ordinance of 1909, No. 732, and that "said repealing ordinance specifically reserved all right of the city of Lincoln to commence or prosecute any actions or proceedings for the collection of any tax levied in the ordinance so repealed." It seeks to recover the occupation tax which accrued while that ordinance was in force.

When this action was begun, the action in the federal court begun by this defendant against this plaintiff and its officers, more fully considered in *City of Lincoln v. Lincoln Gas & Electric Light Co., ante, p.* 182, had been decided by the circuit court, and the occupation tax perpetually enjoined. The amended complaint in the said action in the circuit court of the United States asked for an injunction *pendente lite,* enjoining the enforcement of an ordinance, No. 432, being an ordinance regulating the price of manufactured gas. The complaint asked for no injunction *pendente lite* enjoining the occupation tax ordinance, but contained a prayer for "such further or other relief in the premises as the nature of the circumstances of this case may require." The trial court found that the occupation tax ordinance was void and entered a judgment enjoining its enforcement. It found that the "dollar gas" ordinance was valid and refused to enjoin its enforcement. It appears to be conceded that the validity of the occupation tax ordinance was involved in that litigation, since such tax, if valid, would directly affect the net receipts of the company and so would be an important factor in determin-

ing a remunerative and just rate. The gas company appealed to the supreme court of the United States, and that court (223 U. S. 349) reversed the judgment of the circuit court and entered a judgment in which it recited the decree of the district court, including the finding of that court, as follows: "The court further finds that the ordinance of the city of Lincoln, levying an occupation tax against the complainant, violates the Constitution of the state of Nebraska, and is, for that reason, illegal and void, and that the enforcement of the same as to complainant should be perpetually enjoined. It is therefore adjudged and decreed that a permanent injunction be, and the same is hereby, granted, perpetually enjoining the city of Lincoln from enforcing said occupation tax ordinance." The supreme court entered the following as a part of its judgment: "And it is further ordered that this cause be, and the same is hereby, remanded to the district court of the United States for the district of Nebraska, with directions to refer the case to a competent and skilled master, to report fully his finding upon all of the questions raised by either party, separately, and with leave to both parties to take any additional evidence they may wish within a time to be fixed by that court, and that that court, upon such report, proceed as equity shall require." One of the questions raised was as to the validity of the occupation tax ordinance, and this order of the supreme court requires the master to take evidence and "report fully his finding" upon this question, and the judgment of the supreme court continued: "It is further ordered, adjudged, and decreed for the protection of all parties that the injunction granted in the court below continue in force until final decree there."

The question whether the judgment of the supreme court reversed the decree of the lower court, which adjudged the occupation tax to be void, or only reversed the judgment so far as it was against the defendant company, since that company alone appealed, is dis-

cussed in the briefs, but that question seems to be immaterial so far as the point here involved is concerned, since the supreme court recited the judgment of the lower court, which enjoined the enforcement of the occupation tax, and directed that the validity of the occupation tax should be investigated and reported upon by the master, and that the injunction granted by the court against the enforcement of the occupation tax should be continued until the final determination of that case. Counsel for the city contends that the validity of the occupation tax depends upon the Constitution and laws of this state, and that the decision of the federal courts upon such question is not binding upon the courts of this state. The federal courts will not entertain cases that are purely local and depend entirely upon the proper construction of the laws of the state; and, while the state courts seldom disregard the opinions of that high tribunal even upon local laws, still such decisions are not absolutely binding as precedents upon the courts of the state. But when the force and construction of the law of the state are involved, although incidentally, in litigation in the federal courts, the decision of that court is conclusive between the parties in that litigation, and the question so involved, if necessarily decided by the court, is *res judicata* between the parties thereto.

The dollar gas ordinance and the occupation tax are so closely related that the former cannot be adjudicated without a consideration of the validity of the latter. The federal courts have so regarded it, and have assumed jurisdiction to determine the validity of the occupation tax ordinance, and we are not prepared to say that it was beyond their jurisdiction so to do. It follows that the plea in abatement in the lower court should have been sustained.

The judgment of the district court is reversed and the cause remanded, with instructions to continue the

case until the final determination of the litigation in the federal courts.

REVERSED.

ROSE, J., not participating.

LETTON, J., dissenting.

These ordinances were not involved in the issues in the case in the United States court. I think the state court should determine the validity of the ordinances, and that there is no valid reason for declining to pass upon the merits of this appeal.